## CIRCUIT COURT OF THE CITY OF RICHMOND

W. C. English, Inc.

v.

Commonwealth of Virginia,
Department of Transportation,
Ray D. Pethtel, Commissioner,
and William E. Landsidle,
Comptroller of the Commonwealth

October 29, 1992

Case No. LU-287-1

BY JUDGE MELVIN R. HUGHES, JR.

Presently before the Court is defendant's (the Highway Department) Motion to Dismiss the plaintiff general contractor's (English) claims for delay damages in this case which arise out of a contract for the construction of a portion of Route 288 in Chesterfield County. The motion is based on §§ 33.1–386 and 33.1–387. Section 33.1–386 in its pertinent part is as follows:

> Upon the completion of any contract entered into on or after July 1, 1976, for the construction of any state highway project awarded by the Commonwealth Transportation Board to any contractor, if the contractor fails to receive such settlement as he claims to be entitled to under his contract for himself or for his subcontractors or for persons furnishing materials for the contract for cost and expenses caused by the acts or omissions of the Department of Transportation, he may, *within sixty days from the time of payment of his final estimate,* submit to the Department of Transportation, through proper administrative channels, as determined by the Department, a written claim for such amount to which he deems himself, his subcontractors, or his material persons entitled under the contract . . . . (Emphasis added.)

Because § 33.1–387 provides in pertinent part:

> The submission of the claim to the Department of Transportation within the time and as set out in § 33.1–386 shall be a condition precedent to bringing an action under this chapter.

and no claim was submitted within sixty days of the date of payment of the final estimate, the Highway Department moves to dismiss English's claims.

At the hearing on the Motion to Dismiss, the Highway Department was prepared to present witnesses to set out the facts and circumstances in support of the motion. English opposed on the ground that the statutes in question are to be applied as a matter of law by the Court according to facts and certain documents, including discovery agreed upon by the parties as necessary to properly frame the issues for decision. The Highway Department wanted the Court to consider the matter on the basis of the law, on the basis of the parties' contract, on the basis of certain conditions of the contract contained in provisions in a book called the *Virginia Department of Highways and Transportation Road and Bridge Specifications* (effective July 1, 1982) incorporated into the parties' contract, and on Highway Department procedures explained through the testimony of Department personnel. After ruling that evidence could come in to support the motion and after the Highway Department covered the facts in an opening statement, the Court received certain exhibits from the Highway Department, some of which were among those English asked the Court to consider and the balance of which English objected to. The Court received the documents over English's objections as to the balance. The Court then took the motion to dismiss under advisement because the documents, the opening statement, and the discovery did not suggest any material difference between the parties concerning the events necessary to frame the issues to decide the motion.

The facts and circumstances are these. After a bidding process, the parties entered into the contract on July 22, 1987. In addition to setting out the scope of the work and labor costs for the project, the contract indicated certain unit prices for materials English would furnish for the project.

On October 16, 1989, the Highway Department accepted English's work as completed with certain exceptions. In December, 1989, the Highway Department submitted the final estimate for English's approval. On December 19, 1989, after review of the proposed

final estimate, English asked the Highway Department to delay processing the final estimate for thirty days "[in] order to allow us sufficient time to review the final quantities."

On January 23, 1990, the Highway Department submitted the final estimate for the amount of $45,983.75 as the balance due English. On January 25, 1990, the Highway Department prepared vouchers for the $45,983.75 and, in addition, on February 14, 1990, authorized the payment to English of the retainage pursuant to the contract. On February 23, 1990, the Highway Department paid English the $45,943.75. Later, pursuant to supplemental final estimates dated March 15, 1990, and April 11, 1990, the Highway Department paid English the sums of $7,356.43 and $125,549 respectively for the exceptions noted in the October, 1989, acceptance.

In the meantime on January 26, 1990, English had asked the Highway Department to reimburse it for certain materials it had purchased under the contract for the installation of signs at an interchange on the highway. This item was not included in the final estimate. The parties had earlier agreed to delete this work from the contract. On July 24, 1990, the Highway department paid English the sum of $21,769.67 for the sign materials. On September 24, 1990, English filed the instant claims for $292,245.00 with the Highway Department which comprise this lawsuit. English's position on the motion is that it made its claim under § 33.1–386 "within sixty days from the time of payment of his final estimate" because the claim was filed within sixty days of the $21,764.67 payment for sign materials under the contract. The Highway Department contends that because this payment was not part of the final estimate, there is no claim filed within sixty days of payment of that estimate. The later, July, 1990, payment is not related to the final estimate. Thus, English has not satisfied the condition precedent to filing this lawsuit.

The term "final estimate" is not defined in the statutes. There is no case law stating what constitutes "payment of the final estimate." English argues that any payment on the contract can be considered, even though not included or mentioned in the "final estimate," because only after all such payments are ascertained and made can it be known what claims, if any, the contractor may have arising out of the contract on which he could file a claim. The Court agrees with this position. The view the Highway Department takes is overly technical and not in keeping with what is the evident purpose of the claims-making process. The Highway Department view is too technical be-

cause it ignores the plain meaning of the statute in light of the statute's placement of the words "final estimate." The words "final estimate" appear after the statute discusses "if the contractor fails to receive such settlement as he claims to be entitled to under his contract." It then goes on to set the sixty-day limit from "the time of payment of his final estimate." The final estimate is not meant to include only the paper labelled "final" but all claims under the contract for which the contractor receives payment. In other words, it is too restrictive to confine the term "final estimate" to only the paper noted as such without considering all other claims made and paid on, arising out of the contract.

Examining the statute as a whole, the words "final estimate" are preceded by the word "his." In this context, the word "his" clearly refers to the contractor. Therefore, the estimate is a product of the *contractor's* assessment, and all of his claims under the contract must be calculated into what is considered the "final" amount. The word "his" suggests, determinatively, that one must include not only the paper the Highway Department designated as "final," but also all other claims under the contract that are "his," that is, the contractor's. According to the sequence of events in this case, before payment the Highway Department made a claim for the sign material on January 26, 1990. It eventually received payment for such claim on July 24, 1990. Thus, in assessing the total amount to which English claims it is entitled, not only will the paper called "final" by the Highway Department be considered "his" (English's), but so also will English's request for reimbursement for the sign material, made before the Highway Department's payment of the $45,983.75. Both claims are included in the "final" amount which English contends is due under the contract. Even though one document was labelled "final," if payment pursuant to another claim under the contract is made later, it is that later payment from which the time for filing a claim is computed, as a condition precedent to bringing an action.

In the instant case, English's "final" estimate included the reimbursement request for the sign materials. Payment pursuant to that claim was made on July 24, 1990. English filed the instant claim under § 33.1–386 on September 14, 1990; calculated from the July 24 payment, the sixty-day limit was met, and therefore, the claim was timely filed.

Accordingly, for the foregoing reasons, the Highway Department's Motion to Dismiss is overruled.